**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **LAVONNIA MOORE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**THREE RIVERS REGIONAL LIBRARY SYSTEM and PIERCE COUNTY, GEORGIA,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.: 5:26-cv-01141** |

## COMPLAINT

Plaintiff LaVonnia Moore ("Moore") files this Complaint against Defendants Three Rivers Regional Library System ("Three Rivers") and Pierce County, Georgia ("Pierce County"). Three Rivers and Pierce County are referenced collectively as "Defendants."

### Nature of the Action

1. Moore files this action and requests a jury trial pursuant to:

   a. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In violation of Title VII, Defendants terminated Moore's employment because of her religion, sex, and race, and Defendants retaliated against her.

   b. 42 U.S.C. § 1983 to redress the deprivation of Moore's right to freedom of speech, due process, and equal protection under the United States Constitution, as applied to the States and their political subdivisions

through the Fourteenth Amendment. Defendants terminated Moore's employment because she displayed a children's book about a transgender boy, selected from the Three Rivers' collection by a gender fluid family in Pierce County, and did not censor the family.

**Jurisdiction and Venue**

2. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Moore's claim arises under the Constitution and laws of the United States, under 28 U.S.C. § 1343(a)(3) and (a)(4), and under 42 U.S.C. § 2000e-5(f)(3), because Moore seeks to redress the deprivation, under color of state law, of rights secured by the Constitution and an Act of Congress providing for equal rights in employment.

3. Venue is proper in the Southern District of Georgia, Waycross Division, under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Pierce County and Three Rivers are located in the District and the events giving rise to Moore's claim occurred here. Pierce County, where Moore worked until Defendants discharged her, lies within the Waycross Division of this District.

**The Parties**

4. LaVonnia Moore, a Black woman, is a resident of Pierce County who worked at the library in Pierce County for fifteen years until the Defendants terminated her employment on June 18, 2025.

5. Pierce County, Georgia is a political subdivision of the State of Georgia with more than fifteen employees and a "person" and "employer" within the meaning of 42

U.S.C § 1983 and 42 U.S.C. § 2000e(a) and (b). Pierce County acted under color of state law.

6. Pierce County is governed by its five commissioners, Neal Bennett; Troy Mattox; Graham Raley; Randy Dixon; and David Lowman, who directed Moore to be discharged from her employment because of unlawful reasons.

7. Three Rivers is a public library system with more than fifteen employees created under the laws of the State of Georgia and a “person” and “employer” within the meaning of 42 U.S.C § 1983 and 42 U.S.C. § 2000e(a) and (b). Three Rivers acted under color of state law.

8. The Executive Director of Three Rivers is Jeremy Snell, who affirmed and ratified the unlawful decision of Pierce County to discharge Moore.

9. Pierce County funds Three Rivers and threatened not to provide funds if Three Rivers retained Moore as an employee. Complying with the directive of Pierce County to discharge Moore, Three Rivers discharged Moore. Pierce County and Three Rivers are joint employers.

10. If Three Rivers does not waive service, it can be served at its Regional Office at 280 South Mahogany Street, Jesup, GA.

11. If Pierce County does not waive service, it can be served at 312 Nichols Street, Suite 5, Blackshear, GA.

## Administrative Prerequisites

12. Moore timely filed Charges of Discrimination with the Equal Employment Opportunity Commission (“EEOC”), within 180 days of her termination, against both

Pierce County and Three Rivers, and naming them as joint employers. The charges alleged discrimination because of religion, sex, and race, as well as retaliation.

13. The EEOC issued Moore Notices of Right to Sue.

14. Moore files this action within ninety (90) days of receiving the first Notice of Right to Sue. All conditions precedent to filing suit have been satisfied.

**Facts**

15. The library physically located in Pierce County was previously part of the Okefenokee Regional Library System.

16. Pierce County made the decision to withdraw the library located in the county from the Okefenokee Regional Library in 2024 because the library in adjacent Ware County, headquarters to the Okefenokee system, displayed pride flags and a mural entitled, "Libraries are for Everyone," which included a rainbow-colored heart.

17. Under the direction of Pierce County, the library located in Pierce County then became part of the Three Rivers Regional Library System.

18. Moore worked for fifteen years, ultimately as the library manager, at the Pierce County location and was qualified for her position as library manager.

19. The theme for the State of Georgia's statewide summer reading program in 2025 was "Color Our World."

20. As the library manager in Pierce County, Moore invited local families, parents and children, to select books from within the library with colorful book covers to put on display in celebration of the Color Our World theme. This occurred on or about June 3, 2025.

21. A family whom Moore considers to be gender fluid selected the children's book, *When Aidan Became a Brother*.

22. The book's jacket says, "When Aidan was born, everyone thought he was a girl. But once he came out as a trans boy, Aidan and his parents fixed the parts of his life that didn't fit anymore, and he settled happily into being himself."

23. Moore did not censor the family's selection and allowed the book to be displayed in the Pierce County library as part of a larger selection of books selected for Color Our World.

24. The book display was posted on social media.

25. The social media post generated multiple written communications to and among Pierce County and Three Rivers officials on June 18, 2025.

26. In an email to Commissioners Bennet, Dixon, Lowman, Raley, and Mattox, local resident Crystal Winn, who has a history of anti-LGBTQ activism and is affiliated with the Alliance for Faith and Family, stated in part, "[T]his kind of mental manipulation (also known today as mental rape) of children where adults get children to focus on their sexuality and confuse them, teaching them God made them incorrectly is immensely harmful!"

27. Within 90 minutes, Commissioner Lowman replied, "Thank you. I plan to stop by after lunch today. We will have further discussions on this matter."

28. Resident Jackie Bennett wrote to the Pierce County Commissioners, "Lavonnia [sic] needs to be replaced. The trans crap needs to stop. Children have no interest but are being pushed into it by adults that are not happy about themselves."

29. Commissioner Lowman responded with agreement, “Yes, sir.”

30. Resident Kim Strickland wrote to Three Rivers and Pierce County officials, “It has [sic] brought to our attention that our library is, yet again, promoting a book for children that reinforces transgenderism. . . . That is not a burden we wish to bear or stand accountable for when we stand before Almighty God.”

31. Later that day, Commissioner Dixon replied, “Situation has been handled. Thank yall [sic] for your support. Thanks again [,] Randy.”

32. Resident Christopher Dardis emailed Commissioners Lowman and Mattox to complain about the book, concluding, “I feel like a safe place is now trying to sneak in subtle attacks.”

33. “Yes, sir. I concur,” Commissioner Lowman responded.

34. Commissioner Mattox replied to Dardis, “Situation taken care of. Thanks for bringing to light.”

35. Pierce County directed Three Rivers to terminate Moore’s employment, and Three Rivers complied on June 18, 2025.

36. Pierce County and Three Rivers refused requests to reinstate Moore.

37. Because Defendants fired Moore, she lost her job, her group benefits, the source of her income and benefits, her vocational identity, and her purpose, with the attendant embarrassment, humiliation, isolation, and financial hardship, including health costs and lost retirement.

38. Three Rivers replaced Moore with a white woman as the library manager in Pierce County and retained a white, gay man in a leadership position.

39. No comparable employment in a library is available to Moore within commuting distance of Pierce County.

40. Pierce County has opposed Moore's efforts to find other employment, and Moore has remained under-employed or unemployed since her discharge.

**Causes of Action**

COUNT I: Religious Discrimination

41. Title VII prohibits employers from discharging or otherwise discriminating against an employee because of her religious beliefs.

42. Defendants terminated Moore because, consistent with her beliefs, she associated with a gender fluid family and allowed that family to select and display a book in the library about a trans child.

43. Defendants discharged Moore because of her beliefs, and she has been harmed as a result.

COUNT II: Sex Discrimination

45. Title VII prohibits employers from discharging or otherwise discriminating against an employee because of sex.

46. Defendants terminated Moore because of sex and her association with a gender fluid family, allowing that family to select and display a book in the library about a trans child.

47. Defendants discharged Moore because of sex, and she has been harmed as a result.

COUNT III: Race Discrimination

49. Title VII prohibits employers from discharging or otherwise discriminating against an employee because of her race.

50. Defendants terminated Moore because of her race.

51. Moore was replaced with a white woman as the library manager in Pierce County, and Defendants retained a white, gay man in a leadership position.

52. Defendants discharged Moore because of race, and she has been harmed as a result.

COUNT IV: Retaliation

53. Title VII prohibits employers from retaliating against an employee because she engaged in protected activity and opposed unlawful discrimination.

54. Defendants discharged Moore because she opposed discrimination against a gender fluid family who selected for display in the library a book about a trans child.

55. Defendants refused to reconsider Moore for reinstatement.

56. Since filing her EEOC charge, Defendants have opposed Moore's efforts to find other employment.

57. Defendants have retaliated against Moore, and she has been harmed as a result.

COUNT V: Constitutional Protections

59. Moore allowed a gender fluid family to select and display a book in the library about a trans child.

60. Moore did not censor the family's book selection, which came from the library's collection.

61. Defendants terminated Moore because she allowed the book to be displayed and because of the trans content and viewpoint of the book.

62. Acting under color of state law, the Pierce County commissioners made the decision to terminate Moore's employment, and the executive director of Three Rivers ratified and affirmed that decision.

63. Defendants violated Moore's clearly established rights under the First Amendment, the Equal Protection Clause, and due process.

**Prayer for Relief**

Moore hereby requests:

1. A trial by jury;

2. Back pay, and all lost benefits and other compensation, with prejudgment interest;

3. Front pay because reinstatement is not possible, comparable employment in the area does not exist, and Pierce County has opposed Moore's efforts to find other employment;

4. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in an amount to be determined by the jury;

5. Compensatory damages for lost health and dental benefits, disability benefits, retirement benefits, and out-of-pocket medical expenses;

6. Reasonable attorney's fees, expert fees, and costs;

7. A declaratory order that Defendants' actions violated Title VII and the Constitution;

8. An injunction order prohibiting Defendants from violating Title VII and the Constitution;

9. Post-judgment interest;

10. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of October, 2026.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Wade W. Herring, II*
Wade W. Herring, II
Georgia Bar No. 349343
*Attorneys for LaVonnia Moore*

Post Office Box 9848
Savannah, Georgia 31412
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: wherring@huntermaclean.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **LAVONNIA MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Civil Action No.: 5:26-cv-01141** |
| **THREE RIVERS REGIONAL LIBRARY SYSTEM and PIERCE COUNTY, GEORGIA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I certify that the foregoing was caused to be filed on October 26th, 2026, through the Courts CM/ECF system and will be sent electronically to registered participants as identified on the Notice of Electronic Filing.

David Michael Conner
Conner Kutcher Law Group
711 E. Cherry Street
Jesup, Georgia 31546

Adam Craft
McGhee and Craft, PC
313 Albany Avenue
Waycross, Georgia 31501

This 26th day of October, 2026.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Wade W. Herring, II*
Wade W. Herring, II
Georgia Bar No. 349343
*Attorneys for LaVonnia Moore*

Post Office Box 9848
Savannah, Georgia 31412
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: wherring@huntermaclean.com